UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE L. JEFFERSON, | ) | Case No. 3:21-cv-01808 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| OHIO ADULT PAROLE | ) | |
| AUTHORIT[Y], *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**OPINION AND ORDER**

*Pro se* Petitioner Maurice L. Jefferson is presently incarcerated at Toledo Correctional Institution. On September 22, 2021, Jefferson filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) concerning his parole.

Mr. Jefferson was convicted of aggravated robbery in the Franklin County Court of Common Pleas in 1991, sentenced to not less than 6 nor more than 25 years incarceration, and paroled in 2002 (Case Nos. 90CR-10-5320A, 91CR-02-855B, and 91CR-03-1339). It appears that while on parole, Mr. Jefferson was convicted of aggravated robbery with a firearm specification and theft in the Muskingum County Court of Common Pleas in September 2003 and sentenced to 4 years on the aggravated robbery, concurrent with 2 years on the theft, and consecutive to 3 years on the firearm specification, plus up to 5 years mandatory postrelease control "as well as the consequences for violating conditions of postrelease control imposed by the parole board[.]" (Case No. CR2003-0039.) It appears that Mr. Jefferson was convicted

of aggravated robbery with a firearm specification and aggravated theft in the Pickaway County Court of Common Pleas in October 2003, also while on parole, and sentenced to 9 years on the aggravated robbery, concurrent with 3 years on the aggravated theft, and consecutive to 3 years on the firearm specification and the sentence from Muskingum County. (Case No. 2002-CR-237.)

In his petition, Jefferson asserts four grounds for relief: (1) the Ohio Adult Parole Authority continued his parole two years past his maximum sentence; (2) the Authority failed to hold a *Kellogg* mitigation hearing within 60 days; (3) the Authority never initiated a revocation proceeding; and (4) the Authority failed to hold an on-site hearing within 10 days.

Promptly after the filing of a petition for a writ of habeas corpus, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under Section 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Although Mr. Jefferson labels his petition as one brought pursuant to 28 U.S.C. § 2241, he is challenging his State court sentence; therefore, his petition must meet the requirements and standards of 28 U.S.C. § 2254. It is a well-established rule of statutory construction that, where two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657 (1997). The Sixth Circuit has noted that "numerous federal decisions . . . support the view that all Petitions filed on behalf of persons in custody pursuant to State court judgments are filed under section 2254" and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act for obtaining habeas relief from a State conviction. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006); *see also Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006). Therefore, regardless of the statutory label Petitioner placed on his habeas petition, the petition is governed by 28 U.S.C. § 2254. *See Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir. 2002).

A federal district court may entertain a *habeas* petition filed by a person in State custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). But before a federal court will review the merits of a petition for a writ of habeas corpus, a person must exhaust his State remedies. *Manning v. Alexander*, 912 F.2d 878, 880–81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c)); *see also Rose v. Lundy*, 455 U.S. 509, 522 (1982)).

Exhaustion is fulfilled once a State supreme court provides a convicted person a full and fair opportunity to review his claims on the merits. *Id.* (citing, among other

authorities, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 302–03 (1984)). Exhaustion requires "fair presentation" of the federal claim "to the state courts, including the state court of appeals and the state supreme court." *Bray v. Andrews*, 640 F.3d 731, 734–35 (6th Cir.2011); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present a federal claim, a petitioner must present the State courts with "both the *legal* and factual basis" for the claim. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). In the context of parole, a petitioner may exhaust his State remedies by raising his claims challenging a parole board decision in a State habeas corpus petition under Section 2725.01 of the Ohio Revised Code or a writ of mandamus under Section 2731.01. *See Papenfus v. Tibbals*, 289 F. Supp. 2d 897, 900–01 (N.D. Ohio 2003) (a claim of improper parole revocation is unexhausted where the petitioner failed to attempt to raise his claim in Ohio courts through mandamus or State habeas proceedings); *see also Hansen v. Coleman*, No. 3:16 CV 2147, 2016 U.S. Dist. LEXIS 141878, at *9 (N.D. Ohio Oct. 13, 2016) (to exhaust a claim in Ohio that the denial of parole violated his constitutional rights, a petitioner may file a declaratory judgment action or mandamus action).

The petitioner bears the burden of establishing that he has properly and fully exhausted his available State court remedies with respect to his habeas claims for relief. *See Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012) (citing *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994)).

4

Here, for each ground for relief asserted, Mr. Jefferson indicates on the face of the petition that he did not seek further review by a higher State court. Because Mr. Jefferson has not given the State courts a fair opportunity to consider the merits of the claims he has presented in this petition, he has not properly exhausted his State court remedies. Therefore, the Court must dismiss Petitioner's petition under Section 2254.

Accordingly, the Court **DISMISSES** the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 **WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**SO ORDERED.**

Dated: November 8, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio